**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| Bank of Hope as successor to Foster Bank, ) | |
| ) | No. 17-cv-00597 |
| Plaintiff, ) | |
| ) | Honorable Matthew F. Kennelly |
| v. ) | |
| ) | |
| Ka Soen Tie, Lushia Yun Tie and Fox Cleaners Co., ) | |
| ) | |
| Defendant(s). ) | |

## BANK OF HOPE'S MOTION FOR ENTRY OF JUDGMENT BY CONFESSION

Now Comes Plaintiff, Bank of Hope as successor to Foster Bank, by and through its attorneys, Ashen|Faulkner, and for its Motion for Entry of Judgment by Confession ("Motion"), states as follows.

1. On or about February 24, 2006, Ka Soen Tie and Lushia Yun Tie (collectively, "Borrowers") executed a Promissory Note in favor of Plaintiff in the original amount of $140,000.00. *See* Exhibit "B" to Compl.

2. Thereafter, Borrowers executed an Amendment/Extension, which extended the maturity date of the promissory note to March 1, 2016 ("Maturity Date"). *See* Exhibit "C" to Compl. The Promissory Note as amended by the Amendment/Extension shall be referred to herein as the "Note."

3. Borrowers defaulted on the Note by failing to make the August 1, 2013 payment and on or about June 13, 2014, Borrowers and Fox Cleaners Co. ("Fox") entered into a Forbearance Agreement ("Forbearance"), under which Plaintiff agreed to forbear enforcing its rights under the Note pursuant to the terms of the Forbearance. *See* Exhibit "D" to Compl.

4. To induce the Plaintiff to enter into the Forbearance, Fox executed a Commercial Guaranty ("Guaranty"), under which Fox guaranteed full and prompt payment of the indebtedness due and owing under the Note. *See* Exhibit "A" to Exhibit "D" to Compl. The Note, Forbearance and Guaranty shall be referred to herein as the "Loan Documents."

5. To secure the non-consumer indebtedness under the Note, and to induce Plaintiff to enter into the Forbearance, under paragraph 19 of the Forbearance, Borrowers and Fox (collectively, "Obligors") consented to a judgment by confession in the event of a default.

6. Obligors defaulted on the Loan Documents by failing to pay the balance in full on or before the Maturity Date.

7. In the Forbearance, Obligors waived service of process for this action agreed and authorized any attorney to appear for them and confess judgment for the full balance remaining due under the Loan Documents. Obligors further agreed that they executed the Forbearance knowingly and voluntarily. Notwithstanding the aforementioned waiver, Plaintiff will mail a copy of this Motion to Obligors after filing the same.

8. Plaintiff filed its Complaint to enforce the Forbearance, specifically the confession of judgment clause. *See* Docket No. 1.

9. As support by the affidavit of Song Cho ("Cho Affidavit"), as of January 25, 2017, the amount in default under the Note is $154,134.66. Pursuant to the Loan Documents, Obligors remain liable for the same, plus interest, costs and attorneys' fees. A true and correct copy of the Cho Affidavit is attached hereto as "**Exhibit A**." True and correct copies of the Loan Documents are attached to the Cho Affidavit.

10. In addition to the amounts due and owing under the Note, pursuant to the terms of the Forbearance and confession of judgment clause, Obligors are liable for "reasonable costs of collection, including but not limited to attorneys' fees…" *See* Exhibit "D" to Compl. In support of the foregoing, attached hereto as "**Exhibit B**" is an affidavit of attorneys' fees and costs.

11. Illinois law permits the enforcement of judgments by confession pursuant to 735 ILCS 5/2-1301, which provides in part that "any person for a debt bona fide due may confess judgment by himself or herself or attorney duly authorized, without process." 735 ILCS 5/2-1301. Confession of judgment clauses are also enforceable in federal courts. *See IFC Credit Corp.v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 994 (7th Cir. 2008).

12. Since the Forbearance, executed by Obligors, expressly provides that any attorney may appear for Obligors and confess judgment without process, Plaintiff is entitled to immediate entry of judgment in its favor and against Obligors.

**WHEREFORE**, Plaintiff, Bank of Hope as successor to Foster Bank, requests this Honorable Court to enter Judgment in its favor and against Ka Soen Tie, Lushia Yun Tie and Fox Cleaners Co. in the amount of $154,134.66, plus fees and costs of $4,891.84, plus interest from January 25, 2017, through the date of Judgment, and to grant such further or other relief as this Court may deem just or equitable.

Dated: January 30, 2017

Respectfully submitted,

ASHEN|FAULKNER

By: /S/Alexander Wright
**Alexander N. Wright**
Attorney for Bank of Hope

217 N. Jefferson St., Suite 601
Chicago, Illinois 60661
312.655.0800 / Atty. No.: 6314304
awright@ashenlaw.com